# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| CHASE RICHARD CALDWELL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-49-PRC |
| | ) | |
| CHRISTOPHER ALLISON, MICHAEL | ) | |
| BRICKNER, JONATHON NUPPNAU, | ) | |
| JONATHAN CORDOVA, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss [DE 43], filed by Defendants Christopher Allison, Michael Brickner, Jonathon Nuppnau, and Jonathan Cordova on March 28, 2016. Plaintiff filed a response on April 4, 2016, and Defendants filed a reply on April 11, 2016.

## BACKGROUND

On February 5, 2016, Plaintiff filed a Complaint, pro se, on a 42 U.S.C. § 1983 Complaint form. On March 7, 2016, the Court granted Plaintiff's motion to amend the caption and ordered that the Defendants be properly named as shown in the caption of this Opinion and Order.

On March 10, 2016, Plaintiff filed a "Motion for Leave for Amended Pleading," attaching a six-page "Amended Pleading" as Exhibit 1. Neither the Motion nor the "Amended Pleading" were signed.

On March 28, 2016, Defendants filed the instant Motion to Dismiss based on the proposed March 10, 2016 "Amended Pleading."

On March 29, 2016, the Court issued an Order striking Plaintiff's "Motion for Leave for Amended Pleading" because the motion was not signed, the certificate of service was not signed,

and the certificate of service improperly attempted to serve Defendants with the motion through the Clerk of Court.

On March 29, 2016, the Court issued a Notice and Order advising Plaintiff of his obligation to respond to the Motion to Dismiss.

On April 4, 2016, Plaintiff filed a response to the Motion to Dismiss as well as a new "Amended Pleading." The legal and factual allegations in the April 4, 2016 "Amended Pleading" are identical in all respects to the "Amended Pleading" that was attached to the March 10, 2016 motion that was stricken by the Court, except that the April 4, 2016 "Amended Pleading" includes, in addition to the references to 18 U.S.C. §§ 241, 242, and 245 as well as Indiana Code § 35-42-2-1(1)(a) in the March 10, 2016 "Amended Pleading," a reference to "Title 42, U.S.C., Section 14141 Pattern and Practice" and alleges that the types of misconduct covered include, among other things excessive force, discriminatory harassment, false arrest, coercive sexual conduct, and unlawful stops, searches, or arrests.

The factual allegations of both the March 10, 2016 Amended Pleading and the April 4, 2016 Amended Pleading are as follows. On January 25, 2016, Plaintiff was operating a motor vehicle when he was stopped lawfully by Officer Christopher Allison in a marked Valparaiso Police Department vehicle at 3:53 a.m. Plaintiff had been speeding. No crash was involved. Plaintiff admitted his fault on February 3, 2016, and paid the ticket on February 5, 2016. During the stop, while he was sitting in his car, Officer Christopher Allison approached the passenger side door and asked for Plaintiff's identification and registration, both of which Plaintiff provided. Then, Officer Jonathan Cordova approached the driver side door with a police dog on a leash. The dog began to bark and Officer Cordova walked away from the vehicle. Officers Allison and Cordova spoke to

each other and then Officer Cordova instructed Plaintiff to exit the vehicle. Plaintiff exited his vehicle and walked straight and to the left where Officer Allison ordered him to stand. Officer Allison grabbed plaintiff's right wrist "rude and insolently" and then grabbed Plaintiff's right shoulder "with force." Officer Allison ordered Plaintiff to put his hands behind his back, which he did. Officer Allison went through Plaintiff's pants pockets and inappropriately touched his legs. Officer Allison ordered Plaintiff to wait. As Plaintiff stood next to Officer Allison, Officer Nuppnau arrived and assisted Officer Cordova in searching the vehicle. Both officers went through "secured papers" Plaintiff had placed in the center console and trunk of the vehicle.

On April 11, 2016, Defendants filed a reply in support of the Motion to Dismiss.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Defendants ask the Court to dismiss Plaintiff's Amended Pleading pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff makes no allegations of fact against Defendant Michael Brickner, Defendants are entitled to qualified immunity, Plaintiff has not alleged excessive force or unreasonable search or seizure, and Plaintiff's citation to criminal statutes is misplaced because Plaintiff cannot prosecute those statutes. Defendants contend that Plaintiff's factual allegations amount to a valid, routine traffic stop for speeding.

As a preliminary matter, the Court considers the Motion to Dismiss to be brought against the April 10, 2016 "Amended Pleading" filed on the same date as Plaintiff's response brief. Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff is allowed to amend his complaint once as a matter of course within 21 days after service of a Rule 12(b) motion. The April 10, 2016 "Amended Pleading" was filed seven days after Defendants' Motion to Dismiss. However, because the April 4, 2016 "Amended Pleading" contains the same factual allegations contained in the March 10, 2016 proposed Amended Pleading that was stricken but which was the pleading addressed in Defendants'

4

Motion to Dismiss, the Court will consider whether the April 4, 2016 Amended Pleading would survive the Motion to Dismiss.

The Amended Pleading appears to bring claims under 42 U.S.C. § 1983 for illegal stop, illegal search, excessive force, and battery. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or federal law, by a person acting under color of law. *Heyde v. Pittenger*, 633 F.3d 512, 516 (7th Cir. 2011) (quoting *Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007)).

### A. Officer Michael Brickner

Plaintiff has not made any allegations of wrongdoing on the part of Defendant Michael Brickner. Neither the original Complaint nor the Amended Pleading contains Officer Brickner's name anywhere except in the caption. Plaintiff does not address this deficiency in his response brief. Therefore, Plaintiff has failed to state a plausible claim against Officer Brickner. The Court grants the Motion to Dismiss all claims brought against Defendant Michael Brickner.

### B. Qualified Immunity

Defendants argue that they are entitled to qualified immunity. Qualified immunity "protects government officials from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzalez v. Vill. of W. Milwaukee*, 671 F.3d 649, 657 (7th Cir. 2012) (quoting *McAllister*

*v. Price*, 615 F.3d 877, 881 (7th Cir. 2010)). To determe whether a state actor is shielded from liability by qualified immunity, the Court considers two questions: (1) whether the facts alleged, taken in the light most favorable to plaintiff, amount to a constitutional violation and (2) whether the constitutional right at issue was clearly established at the time of the alleged violation. *McComas v. Brickley*, 673 F.3d 722, 725 (7th Cir. 2012) (citing *Jones v. Clark*, 630 F.3d 677, 680 (7th Cir. 2011)). If both questions are answered in the affirmative, the officer is not entitled to qualified immunity. The Court may address either question first. *Pearson v. Callahan*, 555 U.S. 223, 236-42 (2009). The Court considers each of the alleged constitutional violations in turn.

1. *Traffic Stop, Search, and Seizure*

The Fourth Amendment to the United States Constitution, which is made applicable to the states through the Fourteenth Amendment, prohibits the government from executing unreasonable searches and seizures. *See* U.S. Const. Amend. IV. The Fourth Amendment's protections apply to arrests as well as to brief investigatory stops of vehicles and people that fall short of traditional arrests. *United States v. Arvizu*, 534 U.S. 266, 273 (2002). "An officer's temporary detention of an individual during a traffic stop constitutes a seizure of a person . . . and thus must be reasonable under the circumstances. *Huff v. Reichert*, 744 F.3d 999, 1004 (7th Cir. 2014). If an officer has "a reasonable, articulable suspicion that criminal activity is afoot," the officer "may conduct an investigatory stop of a person." *Id*. (quoting *United States v. Riley*, 493 F.3d 803, 808 (7th Cir. 2007)); *see also United States v. Sokolow*, 490 U.S. 1, 7 (1989). "Probable cause exists when 'the circumstances confronting a police officer support the reasonable belief that a driver has committed even a minor traffic offense.'" *United States v. Muriel*, 418 F.3d 720, 724 (7th Cir. 2005). Because of the inordinate risk confronting an officer as he approaches a person seated in a vehicle, an officer

may order a vehicle's occupants out of the car during a routine traffic stop. *Maryland v. Wilson*, 519 U.S. 408, 413 (1997); *see also Muriel*, 418 F.3d at 726.

Plaintiff appears to allege that Officer Allison unreasonably stopped him. However, by his own admissions in the Amended Pleading, Plaintiff was speeding as he drove at 3:53 a.m. on a street in Valparaiso. There is no question of fact that Plaintiff violated a traffic law. Therefore, Officer Allison did not violate the Fourth Amendment when he pulled over Plaintiff's car. The stop also properly included checking Plaintiff's drivers license and inspecting the registration. *See Rodriguez v. United States*, — U.S. —, 135 S.Ct. 1609, 1615 (2015) (citing *Delaware v. Prouse*, 440 U.S. 648, 658-60 (1979)). During the stop, Officer Cordova brought a canine to the driver's side of Plaintiff's vehicle. When the dog began barking, the officers instructed Plaintiff to exit the vehicle. A dog sniff conducted during a lawful traffic stop does not violate the Fourth Amendment. *See Illinois v. Cabelles*, 543 U.S. 405, 407 (2005). There is no allegation by Plaintiff that the stop was unnecessarily prolonged, nor are there any alleged facts that suggest so. *See id.*; *see also Rodriguez*, — U.S. —, 135 S.Ct. at 1614-16. Thus, the traffic stop, the request for identification, and the presence of the dog were within the authority of the officers and no facts are alleged that would support a claim that the officers violated a clearly established statute or constitutional right related to the initial traffic stop. The Court finds that the Defendants have qualified immunity as to the initial traffic stop.

However, based solely on the allegations of the Amended Pleading, as the Court is required to do at this stage of the proceedings, the Court cannot find that the officers are entitled to qualified immunity as to the pat down of the Plaintiff and the search of the vehicle. In their memorandum, Defendants argue only generally that a pat down is warranted under *Terry.* Yet, to proceed from a

7

stop to a frisk, an officer must have reasonable suspicion that the person stopped is armed and dangerous. *Arizona v. Johnson*, 555 U.S. 323, 326-27 (2009); *Terry*, 392 U.S. at 24. Defendants do not acknowledge this requirement. There are no facts alleged in the Amended Pleading to suggest that the officers had reasonable suspicion that Plaintiff was armed and dangerous.

Defendants do not argue that there are any allegations in the Amended Pleading that would lead to a presumption that Plaintiff was armed and dangerous, such as involvement with a drug transaction. *See United States v. Serna-Barreto*, 842 F.2d 965, 967 (7th Cir. 1998); *see also United States v. Askew*, 403 F.3d 496, 507 (7th Cir. 2005). Nor are there allegations in the Amended Pleading sufficient to establish probable cause for the pat down based on Officer Cordova's canine barking. *See Buchanan v. Kelly*, 592 F. App'x 603, 507 (7th Cir. 2014) (finding on a motion for summary judgment that a pat down did not violate the plaintiff's clearly established rights during a traffic stop involving a canine). Defendants do not argue that the allegations support a finding that the canine "alerted," nor could they based on the facts alleged. Thus, based on Plaintiff's allegations, Plaintiff has stated a claim that the pat down was a constitutional violation, and the right was clearly established at the time. Therefore, Defendants are not entitled to qualified immunity as to the pat down on the instant motion to dismiss. It may be that discovery will provide the necessary facts to establish immunity as to the pat down. *See Buchanan*, 592 F. App'x at 507.

As for the search of the vehicle, police must ordinarily have a warrant to search an automobile, but there are exceptions to the rule. If the officer has a reasonable suspicion that the driver or passenger is armed or may be able to gain immediate control of a weapon, the officer may conduct a protective search of the passenger compartment for accessible weapons. *Michigan v. Long*, 463 U.S. 1032, 1049 (1983); *United States v. Arnold*, 388 F.3d 237, 239 (7th Cir. 2004). In

addition, a vehicle may be searched without a warrant if there is probable cause to believe that the car contains contraband or evidence. *Carroll v. United Sates*, 267 U.S. 132, 149, 153-56 (1925); *United States v. Hines*, 449 F.3d 808, 814 (7th Cir. 2006).

Defendants' only argument as to the search of the vehicle is the broad statement that "a search of Plaintiff's vehicle is also reasonable." (Def. Br. 8 (citing *United States v. Sellers*, 897 F. Supp. 2d 754 (N.D. Ind. 2012))). Defendants do not address the warrant requirement or the exceptions. There are no allegations in the Amended Pleading that there was any indication that the officers had a reasonable suspicion to believe that there was a weapon in the vehicle or that the officers had probable cause to believe that there was contraband or evidence in the car or that Plaintiff consented to the search.

The Court recognizes that the Amended Pleading alleges that Officer Cordova's police dog began barking. However, there is no allegation in the Complaint that the barking was an "alert" that would provide the officers with probable cause to search the vehicle. *See Florida v. Harris*, 133 S.Ct. 1050,1058 (2013); *United States v. Washburn*, 383 F.3d 638, 643 (7th Cir. 2004) (recognizing the court's holding that a positive alert by a trained dog gives rise to probable cause to search a vehicle). Again, as with the pat down, discovery may provide the facts necessary to establish probable cause for the search that would in turn establish qualified immunity.

2. *Excessive Force*

Claims of excessive force are analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989); *Tennessee v. Garner*, 471 U.S. 1 (1985). In assessing the reasonableness of the force exerted, courts must look to the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the

9

suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. An "officer's behavior will be 'evaluated for objective reasonableness based upon the information the officers had when the conduct occurred.'" *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 843 (7th Cir. 2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 207 (2001)). "The assessment of reasonableness 'must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.'" *Lawrence*, 391 F.3d at 843 (quoting *Graham*, 490 U.S. at 396-97).

Based on the allegations of the Amended Pleading, Plaintiff was pulled over at 3:53 a.m. for speeding. The canine barked when it got near Plaintiff's vehicle. Officer Allison ordered Plaintiff out of the vehicle. Officer Allison grabbed Plaintiff's right wrist "rude and insolently," grabbed his right shoulder "with force," ordered Plaintiff to put his hands behind his back, and then conducted the pat down.

Several alleged facts suggest that this amount of force was minimal. Plaintiff was not placed in handcuffs. He was not taken to the ground. Plaintiff does not allege that he was injured as a result of Officer Allison's actions or that Officer Allison even hurt him as he grabbed him. However, there are also no allegations in the Amended Pleading that would support the use of any force by Officer Allison. Plaintiff was stopped for a speeding violation. Although the stop took place at night, there are no allegations that Plaintiff had a weapon or that Officer Allison believed Plaintiff was armed or dangerous. There are no allegations that Plaintiff resisted exiting the car when ordered to do so, that Plaintiff attempted to flee, or that Officer Allison believed that Plaintiff would flee. Plaintiff was

10

not arrested. As discussed above, there are no allegations as to the meaning of the police dog barking. It may be that the canine alerted, which might render objectively reasonable the minimal amount of force used by Officer Allison to restrain Plaintiff while the other officers searched the car. But, in the absence of any such facts, the Court cannot find that Officer Allison is entitled to qualified immunity on the claim of excessive force on the instant motion. The right to be free from excessive force during a traffic stop when there are no circumstances warranting force was clearly established at the time. *See Madison v. City of Evansville*, No. 3:14-CV-72, 2015 WL 9455670, at *8 (S.D. Ind. Dec. 23, 2015) (considering, on a motion for summary judgment, a defense of qualified immunity for a claim of excessive force for a stop involving the crime of running a stop sign on a bicycle). The Court must at this stage deny the motion to dismiss the excessive force claim against Officer Allison.

However, because there are no allegations of excessive force against Officers Cordova and Nuppnau, the Court grants the motion to dismiss the excessive force claim against them.

### C. Battery

In their motion, Defendants suggest that Plaintiff is alleging a battery claim. To the extent that Plaintiff is alleging a state law battery claim, Defendants have not provided a basis for dismissal of that claim or any other state law claim.

### D. Legal References

In the Amended Pleading, Plaintiff references 18 U.S.C. §§ 241, 242, 245, Indiana Code § 35-42-2-1(1)(a), and 42 U.S.C. § 14141, none of which are applicable to this civil proceeding. First, 18 U.S.C. §§ 241, 242, and 245 as well as Indiana Code § 35-42-2-1(1)(a) are criminal statutes that provide no basis for civil liability. *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that

11

private citizens cannot compel enforcement of criminal law); *Israel Aircraft Indus. Ltd. v. Sanwa Business Credit Corp.*, 16 F.3d 198, 200 (7th Cir. 1994). Second, Plaintiff's reference to 42 U.S.C. § 14141 is inapplicable because it prohibits a "pattern or practice of conduct" that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. Plaintiff has alleged no facts supporting a pattern or practice of conduct. Thus, it appears that the only legal basis for Plaintiff's federal constitutional claims is 42 U.S.C. § 1983.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss [DE 43].

The Court **DISMISSES** (1) all claims against Defendant Michael Brickner; (2) Plaintiff's § 1983 Fourth Amendment claims based on allegations of an illegal stop; (3) Plaintiff's § 1983 Fourth Amendment claims based on excessive force against Defendants Jonathan Cordova and Jonathan Nuppnau only; and (4) any claims brought under 18 U.S.C. §§ 241, 242, 245, 42 U.S.C. § 14141, and Indiana Code § 35-42-2-1(1)(a).

The case **REMAINS PENDING** on Plaintiff's Amended Pleading [DE 50], filed April 4, 2016, as to the following claims: (1) § 1983 Fourth Amendment claims based on the alleged illegal search of his person and the alleged illegal search of his vehicle against Defendant Officers Allison, Cordova, and Nuppnau; (2)§ 1983 Fourth Amendment claim of alleged excessive force against Officer Allison only; and (3) any state law claim of battery.

So ORDERED this 17th day of May, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERY
UNITED STATES DISTRICT COURT

cc: Plaintiff, pro se